**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| TENNESSEANS FOR SENSIBLE ELECTION LAWS, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| *v.* | ) ) | Case No.: 3:17-cv-01266 |
| | ) | CHIEF JUDGE CRENSHAW |
| TENNNESSEE BUREAU OF ETHICS AND CAMPAIGN FINANCE, REGISTRY OF ELECTION FINANCE, | ) ) ) ) | |
| and | ) ) | |
| DAVIDSON COUNTY DISTRICT ATTORNEY GENERAL, | ) ) ) | |
| *Defendants.* | ) ) | |

**VERIFIED AMENDED COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF**

For its Amended Complaint, verified by the affidavit attached hereto as **Exhibit #1**, the Plaintiff, Tennesseans for Sensible Election Laws, respectfully states as follows:

## I. INTRODUCTION

1.    Tennesseans for Sensible Election Laws is a non-partisan, non-profit group of concerned citizens who care about protecting Tennessee's democratic process.   Its mission is to ensure that Tennessee's election laws protect the rights of all Tennesseans to participate in democracy and to support candidates of their choosing without unreasonable governmental interference.

2.    To achieve these ends, Tennesseans for Sensible Election Laws: (1) has

-1-

registered with the Defendant Registry as a multicandidate political campaign committee; (2) has made expenditures in opposition to ten different measures that it deems worthy of repeal or amendment; and (3) will make several immediate, direct campaign contributions to selected state and local candidates this calendar year that will exceed $1,000.00 in the aggregate. All of these facts independently serve to render Tennesseans for Sensible Election Laws a multicandidate political campaign committee under Tenn. Code Ann. § 2-10-102(9).

3. In furtherance of its mission, Tennesseans for Sensible Election Laws also wants to make an immediate $25.00 campaign contribution to support local candidate Antoinette Lee, whom it has endorsed for election to the Metropolitan Council of Nashville and Davidson County, District #33. Ms. Lee's election will be held on September 19, 2017.

4. Because Tennesseans for Sensible Election Laws is a _non-partisan_ multicandidate political campaign committee that is not "controlled by a political party," however—and for this reason alone—making such a contribution within ten days of Ms. Lee's election is illegal. *See* Tenn. Code Ann. § 2-10-117 ("No multicandidate political campaign committee other than a committee controlled by a political party on the national, state, or local level or by a caucus of such political party established by members of either house of the general assembly shall make a contribution to any candidate after the tenth day before an election until the day of the election.").

5. If Tennesseans for Sensible Election Laws makes its desired $25.00 campaign contribution to Ms. Lee, then it will be subject to _criminal prosecution carrying a sentence of up to thirty days in jail, and could also face an additional civil penalty of up to $10,000.00_. *See* Tenn. Code Ann. § 2-19-102 ("A person commits a Class C

-2-

misdemeanor if such person knowingly does any act prohibited by this title"); Tenn. Code Ann. § 40-35-111(e)(3) ("The authorized terms of imprisonment and fines for misdemeanors are: . . . Class C misdemeanor, not greater than thirty (30) days or a fine not to exceed fifty dollars ($50.00), or both, unless otherwise provided by statute."); Tenn. Code Ann. § 2-10-110(a)(2) ("A Class 2 offense is punishable by a maximum civil penalty of not more than ten thousand dollars").

6. The injury that Tenn. Code Ann. § 2-10-117 inflicts upon the Plaintiff by forbidding it from making its desired contribution within the crucial 10-day period before Ms. Lee's election will recur regularly with respect to other candidates and measures. Thus, if this Court does not adjudicate the Plaintiff's claims, the constitutional injury will be repeated but evade judicial review.

7. In particular, less than six weeks from the filing of this Amended Complaint, Tennesseans for Sensible Election Laws wishes to make a campaign contribution to Army veteran Steve Wilson during the critical final week of his special primary election for the vacated Tennessee State Senate District 17 seat, to be held on November 7, 2017.[1]

8. Plaintiff also wishes to make several immediate campaign contributions to support the reelection campaigns of the following candidates: Representative John Ray Clemmons; Representative Harold Love; Representative Jason Powell; and Representative Brenda Gilmore (running for State Senate District 19). These contributions will exceed $1,000.00 in the aggregate once made. However, the Plaintiff is presently inhibited from doing so because making the contributions will indisputably

---

[1] *See* Joel Ebert, *Haslam orders special election to fill Senate seat previously held by Mae Beavers*, THE TENNESSEAN (Sep. 8, 2017), http://www.tennessean.com/story/news/2017/09/08/haslam-orders-special-election-fill-senate-seat-previously-held-mae-beavers/620035001/ ("The primary for the special election will be held Nov. 7, with the general election set for Dec. 19, according to the Wilson County Election Commission.")

-3-

subject it to the speech penalty contained in Tenn. Code Ann. § 2-10-117.

9.     Assuming that it is not a multicandidate political campaign committee already,[2] if the Plaintiff makes the contributions identified in paragraph 8, it will become a multicandidate political campaign committee under all Parties' interpretation of Tenn. Code Ann. § 2-10-102(9).

10.    Consequently, even if the Plaintiff is not _yet_ a multicandidate political campaign committee, Tenn. Code Ann. § 2-10-117 nonetheless inflicts an immediate injury upon the Plaintiff, because it forces the Plaintiff to forgo making desired campaign contributions in order to avoid the speech penalty associated with _becoming_ one.

11.    Specifically: if the Plaintiff is not presently a multicandidate political campaign committee, Tenn. Code Ann. § 2-10-117 forces the Plaintiff to choose between making the contributions identified in paragraph 8 and making the contribution identified in paragraph 7.  The Plaintiff cannot legally do both without fear of incurring criminal and civil penalties.

12.    Because the Plaintiff's rights under the First and Fourteenth Amendments are infringed by having to withhold or reduce campaign contributions to some candidates in order to avoid non-compliance with Tenn. Code Ann. § 2-10-117 when contributing to other candidates, the Plaintiff is suffering a constitutional injury whether it currently satisfies the definition of a multicandidate political campaign committee or not.

---

[2] The Attorney General has formally opined that under Tennessee law, "a group or organization becomes a multicandidate political campaign committee when it appoints or certifies a political treasurer to the Registry pursuant to Tenn. Code Ann. § 2-10-105(e)."  _See_ Tenn. Op. Att'y Gen. No. 03-112 (Sept. 9, 2003). Notwithstanding this guidance, however, during a hearing on the Plaintiff's application for a Temporary Restraining Order, the Attorney General took the position that even though the Plaintiff has "certifie[d] a political treasurer to the Registry," _see id._, it does not "consider Plaintiff to be subject to Tenn. Code Ann. § 2-10-117" because it has not yet made more than $1,000.00 in contributions to multiple candidates.  _See_ Doc. 11.

13.     Given the extraordinarily serious sanctions that Tennesseans for Sensible Election Laws will face if it makes all of its desired campaign contributions, Tennesseans for Sensible Election Laws has filed the instant action seeking both an injunction prohibiting the Defendants from enforcing Tenn. Code Ann. § 2-10-117 and a declaratory judgment declaring the statute to be unconstitutional.

14.     Several reasons support providing this relief. Specifically, Tenn. Code Ann. § 2-10-117 is comically unconstitutional for at least three separate reasons.

15.     *First*, Tenn. Code Ann. § 2-10-117 contains an explicit speaker preference permitting only "a committee controlled by a political party on the national, state, or local level or by a caucus of such political party established by members of either house of the general assembly [to] make a contribution" during the ten days before an election. *Id.* As such, the statute expressly discriminates against all other speakers based solely on their identity and political affiliation. Speech restrictions distinguishing among different speakers—allowing speech by some but not others—violate the First Amendment.

16.     *Second*, Tenn. Code Ann. § 2-10-117 contains a content-based restriction on just a single type of disfavored political speech and association—direct campaign contributions—while permitting all other forms of speech and association during the restricted time period at issue. Such content-based discrimination violates the First Amendment, and the First Amendment's hostility to content-based regulations applies even when a regulation does not favor a particular side of a political controversy.

17.     *Third*, Tenn. Code Ann. § 2-10-117 imposes a blanket ban on indispensable political speech during the most critical period before an election, placing a severe burden on political speech that is not narrowly tailored to achieve any compelling governmental interest.

18.     Because there is no compelling governmental interest to support any of these restrictions, and because Tenn. Code Ann. § 2-10-117 is not narrowly tailored to achieve any compelling governmental interest, Tennesseans for Sensible Election Laws submits that the Defendants should be enjoined from enforcing Tenn. Code Ann. § 2-10-117, and that this Court should declare the statute to be unconstitutional.

## II. PARTIES

19.     Tennesseans for Sensible Election Laws is a multicandidate political campaign committee (popularly known as a "PAC") that is registered as such with both the Tennessee Bureau of Campaign Finance, Registry of Election Finance, and with the Davidson County Election Commission.     A copy of the Plaintiff's multicandidate campaign committee registration is attached hereto as **Exhibit #2**.

20.     To date, Tennesseans for Sensible Election Laws has made expenditures in opposition to ten measures, as defined by Tenn. Code Ann. § 2-10-102(8), that it opposes and seeks to repeal or amend.

21.     Tennesseans for Sensible Election Laws wants to make immediate campaign contributions exceeding $1,000.00 to several state-level candidates.  However, it is presently chilled from doing so, because making these contributions will unequivocally subject it to Tenn. Code Ann. § 2-10-117's speech penalty and prevent it from making contributions within the critical final week of the special primary election for the vacated Tennessee State Senate District 17 seat, to be held on November 7, 2017.

22.     Defendant Tennessee Bureau of Ethics and Campaign Finance, Registry of Election Finance is an independent agency of Tennessee's state government.  The Registry is responsible for the enforcement of Tennessee's Campaign Financial Disclosure Act, codified at Tenn. Code Ann. § 2-10-101, *et seq.*  The Registry's responsibilities include

-6-

assessing penalties for violations of Tenn. Code Ann. § 2-10-117.  *See, e.g.*, **Exhibit #3**, ¶ 13(b)-(c).  The Registry and its members—William (Paz) Haynes, Henry Fincher, Patricia Heim, Tom Lawless, and Tom Morton—are sued in their official capacities only.

23.    Defendant Davidson County District Attorney General is the District Attorney General for Tennessee's 20th Judicial District.  It is responsible for the prosecution of all violations of state criminal laws that occur within Metropolitan Nashville and Davidson County.  Pursuant to the broad criminal prohibition set forth in Tenn. Code Ann. § 2-19-102 ("A person commits a Class C misdemeanor if such person knowingly does any act prohibited by this title"), the Davidson County District Attorney General's responsibilities include prosecuting violations of Tenn. Code Ann. § 2-10-117. Defendant Davidson County District Attorney General is sued in his official capacity only.

## III.  JURISDICTION, AUTHORITY, AND VENUE

24.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

25.    This Court is vested with the authority to issue a declaratory judgment and an injunction with the force and effect of a final judgment pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

26.    As the jurisdiction where the Defendants reside and where the causes of action giving rise to Plaintiff's Complaint have occurred, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).

## IV.  FACTUAL ALLEGATIONS

### A.  Immediate Application of Tenn. Code Ann. § 2-10-117 to Plaintiff

27.    Tennesseans for Sensible Election Laws' speech is presently restricted by Tenn. Code Ann. § 2-10-117 because it satisfies several independent definitions of a

-7-

multicandidate political campaign committee. Specifically, the Plaintiff qualifies as a multicandidate political campaign committee because:

(1) It has registered with the Defendant Registry as a multicandidate political campaign committee, *see* **Exhibit #2**;

(2) It satisfies the definition of multicandidate political campaign committee as defined by Tenn. Code Ann. § 2-10-102(12)(A) (regarding expenditures) and Tenn. Code Ann. § 2-10-102(9); and

(3) It satisfies the definition of multicandidate political campaign committee as defined by Tenn. Code Ann. § 2-10-102(12)(B) (regarding contributions) and Tenn. Code Ann. § 2-10-102(9).

28.     *First*, Tennesseans for Sensible Election Laws qualifies as a multicandidate political campaign committee because it has registered with the Defendant Registry as a multicandidate political campaign committee by filing the "Appointment of Political Treasurer for Multi-Candidate Committees (PACs)" form with both the Tennessee Bureau of Campaign Finance, Registry of Election Finance. *See* **Exhibit #2**. The Defendant Registry accepted and filed the form, and it assessed Tennesseans for Sensible Election Laws the $100.00 registration fee applicable to new multicandidate political campaign committees. Tennesseans for Sensible Election Laws promptly paid its multicandidate political campaign registration fee in full. Thereafter, the Defendant Registry has treated the Plaintiff as a PAC.

29.     For at least the past fourteen years, the Attorney General has consistently opined—and, based on this guidance, the Defendant Registry has consistently applied Tenn. Code Ann. § 2-10-102(9) to mean—that: "a group or organization becomes a multicandidate political campaign committee when it appoints or certifies a political

treasurer to the Registry pursuant to Tenn. Code Ann. § 2-10-105(e)." *See* Tenn. Op. Att'y Gen. No. 03-112 (Sept. 9, 2003).

30.     Further, as the Attorney General has observed, this interpretation of Tenn. Code Ann. § 2-10-102(9) is *essential*, because: "Otherwise a group or organization has no ability to determine its reporting responsibilities and contribution limits, which would be inconsistent with the purpose of the entire campaign finance scheme as set forth in the Disclosure Act and Contribution Limits Act." Tenn. Op. Att'y Gen. No. 03-112 (Sept. 9, 2003).

31.     The Defendant Registry has adhered to and uniformly applied the Attorney General's guidance that "a group or organization becomes a multicandidate political campaign committee when it appoints or certifies a political treasurer to the Registry pursuant to Tenn. Code Ann. § 2-10-105(e)." Tenn. Op. Att'y Gen. No. 03-112 (Sept. 9, 2003).    Accordingly, under the definition of "[m]ulticandidate political campaign committee" consistently advanced by the Tennessee Attorney General and applied to the Plaintiff by the Defendant Registry, Tennesseans for Sensible Election Laws became a multicandidate political campaign committee when "when it appoint[ed] or certifie[d] a political treasurer to the Registry pursuant to Tenn. Code Ann. § 2-10-105(e)." *Id.* For all purposes other than the instant litigation, the State has treated Tennesseans for Sensible Election Laws as a multicandidate political campaign committee.

32.     *Second*, Tennesseans for Sensible Election Laws qualifies as a multicandidate political campaign committee because it is "a political campaign committee to support or oppose . . . two (2) or more measures." Tenn. Code Ann. § 2-10-102(9).  To date, Tennesseans for Sensible Election Laws has made expenditures for the purpose of opposing ten (10) separate measures.  The measures that Tennesseans for

Sensible Election Laws opposes expressly include "proposed law[s], act[s] or part[s] of an act of the general assembly, or revision[s] of or amendment[s] to the constitution," as defined by Tenn. Code Ann. § 2-10-102(8).

33.     In fact, the primary purpose of Tennesseans for Sensible Election Laws is to oppose measures—like the measure challenged in the instant lawsuit—that unreasonably restrict the public's right to participate in elections.  It has, for instance, purchased and made payments to host and develop its website for the purpose of publicly displaying its opposition to the measures that it opposes.  Toward this end, its website includes a section entitled: "Measures We Oppose" that specifies the (non-exhaustive list of) measures that it opposes and the respective bases for Plaintiff's opposition.  *See* Tennesseans for Sensible Election Laws, *Measures We Oppose*, TN4Sense Blog, (Sep. 7, 2017), http://tn4sense.org/2017/09/measures-we-oppose/.  Within the meaning of Tenn. Code Ann. § 2-10-102(6)(A), Tennesseans for Sensible Election Laws made the above described purchases and payments "for the purpose of influencing" the measures listed, and it will continue to make additional expenditures for this purpose.

34.     Further, the measures that Tennesseans for Sensible Election Laws opposes are the subject of the Plaintiff's candidate questionnaire, which was similarly developed and designed to influence the measures listed.  Tennesseans for Sensible Election Laws' candidate questionnaire, too, conspicuously designates it as having been: "Paid for by Tennesseans for Sensible Election Laws."  *See* **Exhibit #4** (September 7, 2017 Candidate Questionnaire).

35.     Unlike a PAC's expenditures in support of or opposition to <u>candidates</u>, *See* Tenn. Code Ann. § 2-10-102(12)(B), a PAC's expenditures in support of or opposition to <u>measures</u> does not require an outlay "during a calendar year in an aggregate amount

-10-

exceeding one thousand dollars ($1,000)" in order to satisfy the definition of "political campaign committee." *See* Tenn. Code Ann. § 2-10-102(12)(A). There is neither an aggregate nor an annual monetary limit relating to expenditures in support of or opposition to measures. *See id.* Instead, Tenn. Code Ann. § 2-10-102(12)(A) contains no monetary requirement at all other than "making expenditures . . . to support or oppose a measure." *See id.*

36. *Third*, Tennesseans for Sensible Election Laws qualifies as a multicandidate political campaign committee because it is "a political campaign committee to support or oppose two (2) or more candidates for public office," *see* Tenn. Code Ann. § 2-10-102(9), and because its contributions will exceed $1,000 this calendar year. *See* Tenn. Code Ann. § 2-10-102(12)(B).

37. Tennesseans for Sensible Election Laws is not required to exceed this amount prior to its formation in order to come within the definition of Tenn. Code Ann. § 2-10-102(9) and Tenn. Code Ann. § 2-10-102(12)(B). In fact, to the contrary, prior guidance provided by the Attorney General reflects that the Plaintiff was *prohibited* from doing so, because a multicandidate political campaign committee is "required to comply with the provisions of § 2-10-105(e) [registering as a multicandidate political campaign committee by certifying a treasurer] before it may receive any contributions or make any expenditures" *at all*. Tenn. Op. Att'y Gen. No. 03-112 (Sept. 9, 2003).

38. The Attorney General's conflicting positions that Tennesseans for Sensible Election Laws: (1) became a multicandidate campaign committee when it filed an appointment of treasurer form (Tenn. Op. Att'y Gen. No. 03-112 (Sept. 9, 2003)); (2) did not become a multicandidate campaign committee when it filed an appointment of treasurer form (in this lawsuit); (3) does not become a multicandidate political campaign

-11-

committee until it has exceeded $1,000 in annual contributions (in this lawsuit); and (4) cannot even receive any contributions or make expenditures until it has become a multicandidate campaign (Tenn. Op. Att'y Gen. No. 03-112 (Sept. 9, 2003)) serve to render Tenn. Code Ann. § 2-10-102(9) unconstitutionally vague as applied to Tennesseans for Sensible Election Laws, making it impossible for the Plaintiff to determine its obligations.

### B. Injury to Tennesseans for Sensible Election Laws even if it is not presently a multicandidate political campaign committee.

39.     Tennesseans for Sensible Election Laws wishes to make immediate contributions exceeding $1000.00 in the aggregate to the following candidates: Representative John Ray Clemmons; Representative Harold Love; Representative Jason Powell; and Representative Brenda Gilmore.  As a direct consequence of Tenn. Code Ann. § 2-10-117, however, it is chilled from doing so because making the contributions will immediately subject the Plaintiff to Tenn. Code Ann. § 2-10-117's speech penalty.

40.     Tennesseans for Sensible Election Laws is interested in contributing to Army veteran Steve Wilson during the critical final week of his special primary election for the vacated Tennessee State Senate District 17 seat.  Mr. Wilson's election will be held on November 7, 2017.

41.     Tennesseans for Sensible Election Laws is prohibited from both: (1) making immediate contributions exceeding $1000.00 to Representative John Ray Clemmons, Representative Harold Love, Representative Jason Powell, and Representative Brenda Gilmore; and (2) making a contribution during the critical final week of the special primary election for the vacated Tennessee State Senate District 17 seat.

42.     Tennesseans for Sensible Election Laws has good reasons to—and is well

within its rights to—prefer to make a contribution during the final week of the special primary election for the vacated Tennessee State Senate District 17 seat. Given the more effective impact that a campaign contribution has during the critical period before an election, Tennesseans for Sensible Election Laws wishes to make a $100 contribution to Mr. Wilson late in the election cycle when its contribution will be most significant.

43. Regrettably, due to the speech penalty contained in Tenn. Code Ann. § 2-10-117, Tennesseans for Sensible Election Laws must choose between, on the one hand, contributing to Representative John Ray Clemmons, Representative Harold Love, Representative Jason Powell, and Representative Brenda Gilmore, and on the other, making a $100 campaign contribution during the final week of the Tennessee State Senate District 17 election. Because all Parties agree that making aggregate contributions exceeding $1,000.00 would instantly convert Tennesseans for Sensible Election Laws into a multicandidate political campaign committee if it is not one already, then making these contributions would subject the Plaintiff to Tenn. Code Ann. § 2-10-117's speech penalty and prevent it from making a campaign contribution of any amount within the ten days before Mr. Wilson's November 7, 2017 primary election.

44. Thus, even if Tennesseans for Sensible Election Laws is not presently a multicandidate political campaign committee, it is nonetheless experiencing an immediate injury as a result of Tenn. Code Ann. § 2-10-117, because Tenn. Code Ann. § 2-10-117 punishes any political campaign committee that *becomes* a multicandidate political campaign committee by denying it the right to speak during the most critical 10-day period before a candidate's election.

45. Forcing a political campaign committee to reduce its desired support for measures and candidates and to structure the timing of its support for measures and

-13-

candidates in such a way that it avoids running afoul of the speech penalty contained in Tenn. Code Ann. § 2-10-117 violates Tennesseans for Sensible Election Laws' freedom to speak and associate. This violation represents a lasting, legally cognizable injury that will persist after Ms. Lee's election, after Mr. Wilson's election, and in every subsequent election in Tennessee unless and until this Court enjoins the Defendants from enforcing Tenn. Code Ann. § 2-10-117.

### C.  Tenn. Code Ann. § 2-10-117's Immediate Injury to Plaintiff Regarding the Metro Council District #33 election.

46.    On Tuesday, September 19, 2017, the Davidson County Election Commission will hold a Special Runoff Election for Metro Council District #33. The candidates in the runoff election are Ms. Antoinette Lee and Mr. Tim Herndon. *See* **Exhibit #5**. Ms. Lee and Mr. Herndon advanced to the September 19, 2017 Special Runoff Election after securing 415 votes and 402 votes, respectively, in the August 15, 2017 Special Election to fill the vacant seat for Metro Council District #33.

47.    On Thursday, September 7, 2017, Tennesseans for Sensible Election Laws furnished a candidate questionnaire upon both Ms. Lee and Mr. Herndon seeking to ascertain their views on a variety of election-related issues, including: (1) public financing of campaigns; (2) felon disenfranchisement; (3) political gerrymandering; (4) automatic voter registration; and (5) contribution limits for local candidates. *See* **Exhibit #4**.

48.    On September 13, 2017, Ms. Lee responded to Tennesseans for Sensible Election Laws, and she invited them to discuss their concerns with her further after her campaign. (Mr. Herndon did not respond.) Tennesseans for Sensible Election Laws' membership was also impressed by Ms. Lee's public campaign promise to "ensure that all District #33 residents [] have a strong voice in their local government," *see* **Exhibit #6**,

-14-

which closely aligns with their own stated mission to "protect the rights of all Tennesseans to participate in democracy." Accordingly, Tennesseans for Sensible Election Laws publicly endorsed Ms. Lee for Metro Council District #33. *See* **Exhibit #7**. Its officers also opted to support her candidacy with a campaign contribution of $25.00.

49. Traditionally, Tennessee law permits PACs like Tennesseans for Sensible Election Laws to contribute up to $7,800.00 to support a local candidate's campaign. *See* **Exhibit #8**.

50. Within ten days of an election, however, Tenn. Code Ann. § 2-10-117 forbids PACs like Tennesseans for Sensible Election Laws from making any campaign contribution <u>at all</u>. *See id* ("No multicandidate political campaign committee other than a committee controlled by a political party on the national, state, or local level or by a caucus of such political party established by members of either house of the general assembly shall make a contribution to any candidate after the tenth day before an election until the day of the election.").

51. If Tennesseans for Sensible Election Laws were "a committee controlled by a political party on the national, state, or local level or by a caucus of such political party established by members of either house of the general assembly," however, *see id.*, it would be exempt from Tenn. Code Ann. § 2-10-117's prohibition on making campaign contributions within ten days of an election.

52. Because Tennesseans for Sensible Election Laws is a non-partisan PAC and is <u>*not*</u> controlled by a political party, however—and for this reason alone—it is legally prohibited from making its desired $25.00 campaign contribution, and it could face both criminal and civil sanctions for doing so. *Id.*

53 Tennessee does not have a compelling state interest in discriminating

-15-

against disfavored political speakers or determining who is permitted to speak based on a speaker's political affiliation.

54.    Tenn. Code Ann. § 2-10-117 does not forbid Tennesseans for Sensible Election Laws from engaging in other forms of political speech or association during the ten days before an election.

55.    Instead, Tennesseans for Sensible Election Laws is solely prohibited from engaging in a single form of core political speech and association during the ten days before an election:  Making a direct campaign contribution.

56.    Tennessee does not have a compelling state interest in imposing a content-based, overbroad restriction on political speech and association.

57.    During the ten days before an election, Tenn. Code Ann. § 2-10-117 imposes a categorical ban on all campaign contributions to state or local candidates from non-party PACs. *Id.*

58.    The Special Election for Metro Council District #33 took place on August 15, 2017.  The Special Runoff Election for Metro Council District #33 is scheduled to take place on September 19, 2017.  Accordingly, only five weeks separated the two elections.

59.    As such, Tenn. Code Ann. § 2-10-117 restricted the legal non-party PAC contribution period for candidates in the Special Runoff Election for Metro Council District #33 by nearly one-third.  If a non-party PAC wished to contribute to one of the two runoff candidates, then the PAC was obligated to do so within just twenty-five days.

60.    Tennessee does not have a compelling interest in imposing a categorical ban on direct campaign contributions during the critical ten-day period before an election.

61.    The Defendant Registry actively enforces Tenn. Code Ann. § 2-10-117.  *See* **Exhibit #3**, ¶ 13(b)-(c).

-16-

62.     To facilitate its enforcement of Tenn. Code Ann. § 2-10-117, when a prospective PAC seeks to register, it is required to certify whether it is "controlled by a political party on the national, state, of [sic] local level or by a caucus of a political party established by the members of either house of the general assembly." *See* **Exhibit #2**.

63.     Defendant Tennessee Bureau of Ethics and Campaign Finance, Registry of Election Finance actively prosecutes violations of Tenn. Code Ann. § 2-10-117.   On September 27, 2016, for example, the Registry issued another non-party PAC an Order to Show Cause setting forth alleged violations of Tenn. Code Ann. § 2-10-117 and warning that: "A violation of T.C.A. § 2-10-117 is punishable as a Class 2 offense, which would subject Stand PAC and/or Stand Independent to a maximum civil penalty of not more than ten thousand dollars ($10,000)."   *See* **Exhibit #3**, ¶ 13(b)-(c).

64.     Defendant Tennessee Bureau of Ethics and Campaign Finance, Registry of Election Finance provides guidance on required compliance with Tenn. Code Ann. § 2-10-117.   For example, the Registry's packet of "Frequently Asked Questions" includes a subsection on "Blackout Periods" that states: "During the nine (9) day period prior to any election day, a PAC is prohibited from making a campaign contribution to a candidate for state or local public office, unless the committee is a political party PAC."   *See* **Exhibit #9**, p. 8, Question #16.

65.     The Attorney General has provided the same guidance regarding Tenn. Code Ann. § 2-10-117.   *See* Tenn. Op. Att'y Gen. No. 03-112 (Sept. 9, 2003) ("Tenn. Code Ann. § 2-10-117 prohibits a multicandidate political campaign committee, other than a committee controlled by a political party on the national, state or local level or by a caucus of such political party, from making a contribution to any candidate for the ten day period prior to an election.").

-17-

**D.  Tenn. Code Ann. § 2-10-117 Immediate Injury to Plaintiff Regarding Other Campaign Contributions**

66.    Even if Tennesseans for Sensible Election Laws is not already a multicandidate political campaign committee, Tenn. Code Ann. § 2-10-117 still injures the Plaintiff because it chills the Plaintiff from making contributions and becoming one.

67.    Tennesseans for Sensible Election Laws wants to make immediate contributions exceeding $1,000.00 to support the candidacies of Representative John Ray Clemmons; Representative Harold Love; Representative Jason Powell; and Representative Brenda Gilmore.

68.    According to the Defendants, if Tennesseans for Sensible Election Laws makes these contributions, then it will unquestionably become a multicandidate political campaign committee that is subject to Tenn. Code Ann. § 2-10-117's speech penalty, even if it is not one already.

69.    Tennesseans for Sensible Election Laws does not want to incur Tenn. Code Ann. § 2-10-117's speech penalty, because doing so would prohibit it from making its desired campaign contribution to Army veteran Steve Wilson during the critical final week of his special primary election to be held on November 7, 2017.

70.    Accordingly, Tenn. Code Ann. § 2-10-117 injures the Plaintiff by forcing it to reduce or forgo making desired contributions to Representative John Ray Clemmons, Representative Harold Love, Representative Jason Powell, and Representative Brenda Gilmore in order to avoid incurring Tenn. Code Ann. § 2-10-117's speech penalty.

71.    Forcing Tennesseans for Sensible Election Laws to forgo supporting candidates in order to avoid incurring the speech penalty contained in Tenn. Code Ann. § 2-10-117 violates the Plaintiff's freedom to speak and associate.

-18-

<h1 style="text-align:center"><u>V. CAUSES OF ACTION</u></h1>

<h2 style="text-align:center"><u>1. Violation of the First and Fourteenth Amendments</u></h2>

(Speaker Discrimination)

72.     Tennesseans for Sensible Election Laws reincorporates and realleges the foregoing allegations as if fully set forth herein.

73.     Tenn. Code Ann. § 2-10-117 contains an explicit speaker preference for favored speakers (party-controlled PACs) and discriminates against disfavored speakers (non-party PACs).

74.     By imposing restrictions on non-party PACs but exempting party-controlled PACs from the same restrictions, Tenn. Code Ann. § 2-10-117 is unconstitutional both facially and as applied to Tennesseans for Sensible Election Laws because it grants a waiver to favored speakers while discriminating against disfavored speakers based on their identity.

<h2 style="text-align:center"><u>2. Violation of the First and Fourteenth Amendments</u></h2>

(Discrimination Based on Political Association)

75.     Tennesseans for Sensible Election Laws reincorporates and realleges the foregoing allegations as if fully set forth herein.

76.     By imposing restrictions on campaign contributions based on whether a PAC is a "committee controlled by a political party on the national, state, or local level or by a caucus of such political party," Tenn. Code Ann. § 2-10-117 is unconstitutional both facially and as applied to Tennesseans for Sensible Election Laws because it discriminates on the basis of a speaker's political association. *Id.*

<h2 style="text-align:center"><u>3. Violation of the First and Fourteenth Amendments</u></h2>

(Content Discrimination)

77.     Tennesseans for Sensible Election Laws reincorporates and realleges the

-19-

foregoing allegations as if fully set forth herein.

78.     By imposing restrictions on direct campaign contributions but not on other forms of speech or association, Tenn. Code Ann. § 2-10-117 is unconstitutional both facially and as applied to Tennesseans for Sensible Election Laws because it imposes unconstitutional content-based discrimination prohibiting disfavored speech.

### 4.  Violation of the First and Fourteenth Amendments
(Freedom of Speech)

79.     Tennesseans for Sensible Election Laws reincorporates and realleges the foregoing allegations as if fully set forth herein.

80.     By imposing a categorical "Blackout Ban" on political campaign contributions during the most crucial period before an election, Tenn. Code Ann. § 2-10-117 is unconstitutional both facially and as applied to Tennesseans for Sensible Election Laws because it unconstitutionally proscribes core political speech that falls within a realm in which the importance of First Amendment protection is at its zenith.

81.     If the Plaintiff _is_ presently a multicandidate political campaign committee, then the Plaintiff's right to free speech is harmed by Tenn. Code Ann. § 2-10-117, because it cannot contribute to a candidate whom it has endorsed for election.

82.     If the Plaintiff is _not_ presently a multicandidate political campaign committee, then the Plaintiff's right to free speech is also harmed by Tenn. Code Ann. § 2-10-117, because it cannot presently contribute to other measures and candidates in excess of $1,000.00 without incurring Tenn. Code Ann. § 2-10-117's speech penalty.

### 5.  Violation of the First and Fourteenth Amendments
(Overbreadth)

83.     Tennesseans for Sensible Election Laws reincorporates and realleges the

-20-

foregoing allegations as if fully set forth herein.

84.     Tenn. Code Ann. § 2-10-117 is overbroad, because it prohibits a substantial amount of protected speech both in an absolute sense and relative to its legitimate sweep.

85.     There are a substantial number of instances in which Tenn. Code Ann. § 2-10-117 cannot be applied constitutionally.

### 6.  Vagueness of Tenn. Code Ann. § 2-10-102(9)

86.     Tennesseans for Sensible Election Laws reincorporates and realleges the foregoing allegations as if fully set forth herein.

87.     As applied to Tennesseans for Sensible Election Laws, the Defendants' irreconcilably conflicting definitions of "multicandidate political campaign committee" render Tenn. Code Ann. § 2-10-102(9) unconstitutionally vague.

### VI.  CLAIMS FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1.     Issue a preliminary injunction and, thereafter, a permanent injunction enjoining the enforcement of Tenn. Code Ann. § 2-10-117.

2.     Issue a judgment declaring that Tenn. Code Ann. § 2-10-117 is unconstitutional and violates Tennesseans for Sensible Election Laws' First and Fourteenth Amendment rights, both facially and as applied.

3.     Issue a judgment declaring that Tenn. Code Ann. § 2-10-102(9) is unconstitutionally vague as applied to Tennesseans for Sensible Election Laws.

4.     Grant Tennesseans for Sensible Election Laws' reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988(b).

5.     Grant the Plaintiff all other relief to which it appears it is entitled.

Respectfully submitted,

By:    /s/ Daniel A. Horwitz_____
        Daniel A. Horwitz, BPR #032176
        1803 Broadway, Suite #531
        Nashville, TN  37203
        daniel.a.horwitz@gmail.com
        (615) 739-2888

        *Counsel for Plaintiff Tennesseans for*
        *Sensible Election Laws*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2017, a copy of the foregoing was served via USPS mail, postage prepaid, emailed, and/or sent via CM/ECF, and to the following parties:

Attorney General and Reporter for the State of Tennessee
Herbert Slatery III
Andrew.campbell@ag.tn.gov
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

*Counsel for Defendants*

By:    /s/ Daniel A. Horwitz _____
        Daniel A. Horwitz, Esq.

-22-